# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

BARBARA WILLIAMS,

    Plaintiff,

CASE NO. 3:25-cv-00148-TES

vs.

PUBLIX SUPER MARKETS, INC,;
ABC CORPS #1-3;
AND JOHN DOES #1-3,

    Defendants.

_____/

## JOINT PROTECTIVE ORDER

COMES NOW, Plaintiff BARBARA WILLIAMS and Defendant PUBLIX SUPER MARKETS, INC. (hereinafter, the "Parties"), by and between undersigned counsel, and hereby stipulate and agree to the Entry of a Protective Order, with the terms set forth as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to all discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by any party in response to informal discovery requests, deposition testimony, matters in evidence and computerized records, including information contained in the same, and information contained in any motion, pleadings, affidavit or brief, including all copies, excerpts, and summaries submitted to the Court during the course of this

litigation or in connection with this action, that the disclosing party designates as **"confidential"** by or on behalf of any party in connection with this action.

2. This Protective Order shall govern the handling of all information contained in such documents or other written discovery. However, nothing in this Protective Order shall govern the use of documents or other written discovery, or information contained in such documents or discovery, at any Court hearing or trial.

3. All materials produced under this Protective Order shall be designated **"confidential"** and shall be used for the purposes of this litigation only, and shall not be used or disclosed for any purposes whatsoever without the written authorization of the counsel for Ross. The documents designated as **"confidential"** are listed below but may be supplemented as discovery progresses:

   a. In-Store Surveillance Videos;

   b. Store layout or plans for the same;

   c. Any other materials that may be requested and produced during the course of this litigation that would be considered proprietary or confidential.

4. No duplication of such materials, designated as **"confidential"** shall be allowed other than to make available copies to counsel for the parties, and their employees, agents, and experts.

5. Each party shall agree to maintain such records in accordance with the

provisions of this agreement, and protect the confidentiality of such agreements by not disseminating designated information other than as provided by Paragraph 6.

6.Any party or person filing with the Court this confidential material, shall file said materials under seal via ECF or in a sealed envelope or other container, marked on the outside with the caption of this action and the following statement:

> **CONFIDENTIAL - THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER. THIS ENVELOPE MAY NOT BE OPENED WITHOUT COURT ORDER EXCEPT BY COUNSEL OF RECORD OR THE COURT.**

If any person fails to file protected documents or information under seal, the producing party or any party claiming confidentiality for the documents or information may request that the Court place the filing under seal.

7.Except as set forth hereinafter, or in any order of the Court, no information deemed or designated **"confidential"** shall be revealed, delivered, exhibited, or disclosed to any person other than (1) counsel for the parties, including paralegal, secretarial, and clerical employees, (2) the officers and employees of any of the parties, or in the case of the Plaintiff, the named Plaintiff, for use in the preparation, prosecution, defense or settlement of this litigation, and (3) the Court and any court personnel.

8.In addition, information designated **"confidential"** may be revealed, delivered, exhibited, or disclosed to the following persons:

a.Any court reporter employed for purposes of deposition in this

litigation, including persons operating video recording equipment at video depositions;

 b. Any expert, consultant or language interpreter engaged or utilized by counsel to assist in the preparation of this case or to testify at trial or any other proceeding; and

 c. Any witness at the deposition of that witness or in the preparation of that witness.

9. The parties' counsel shall require all persons, except any deposition witness, court reporter or videographer employed for purposes of deposition in this litigation, before given access to information deemed or designated confidential, to read and agree and to be bound by this Joint Protective Order by endorsing the following certification on a copy of this Agreement, which shall be retained by counsel:

> **I certify that I have received and read a copy of the JOINT PROTECTIVE ORDER. I agree to be bound by it, and I understand that I may be subject to contempt proceedings if I violate it. I further understand that information designated as "confidential" in this case, and any notes, memoranda, or other form of information derived from it may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order, and then only for the prosecution and defense of this litigation.**

Such certifications shall be deemed attorney's work product.

10. If **"confidential"** records are disclosed to anyone other than in a

manner authorized by this Joint Protective Order, counsel must immediately bring all pertinent facts relating to such disclosure to the attention of all other counsel and make every effort to prevent further disclosure.

11. Confidentiality hereunder is to be maintained both during and after the disposition of this case. At the conclusion of this case, the parties agree to destroy all discovery handled pursuant to this Joint Protective Order.

12. This Joint Protective Order is without prejudice to the right of any party to seek relief from Court, upon good cause shown, from any of the provisions of this Order.

**IT IS HEREBY ORDERED, this** __3rd__ **day of** __January__**, 2026.**

    __s/Tilman E. Self, III__
**Judge Tilman E. Self, III**
United States District Court,
Middle District Georgia

Consented to by:

*/s/ Joseph P. Menello*

| | |
|---|---|
| Ellen Forrester-Ensley, Esq. | Joseph P. Menello, Esq. |
| Georgia Bar No. 851734 | Georgia Bar No. 752378 |
| *Attorney for Plaintiff* | Radha E. Gordon, Esq. |
| **Morgan & Morgan, PLLC** | Georgia Bar No. 347192 |
| 178 S. Main Street, Suite 300 | *Attorneys for Defendant* |
| Alpharetta, GA 30009 | **Wicker Smith O'Hara McCoy & Ford PA** |
| Phone: (770) 799-2770 | 3424 Peachtree Road NE, Suite 1600 |
| e.forresterensley@forthepeople.com | Atlanta, GA 30326 |
| | Phone: (470) 466-1320 |
| | jmenello@wickersmith.com |
| | rgordon@wickersmith.com |